Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50459 | **DATE** | 4/30/2002 |
| **CASE TITLE** | WOODARD, et al. vs. TOWER AUTOMOTIVE PRODUCTS CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, plaintiffs' motion for class certification is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAY – 1 2002 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4-30-02 | |
| /SEC | courtroom deputy's initials | 02 APR 30 PM 4:31 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Stanley Woodard, Jimmy Edwards, Jose Medina, and Rick Saengsouvanh, individually, and as putative class representatives for all similarly situated individuals, filed a complaint against defendant, Tower Automotive Products Company, Inc., alleging a racially hostile work environment and disparate treatment in violation of 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiffs moved for class certification pursuant to Federal Rule of Civil Procedure 23. Initially, they sought to certify four classes, each consisting of African-American, Hispanic, Asian-American, and other ethnic nationalities employees. They acknowledge in their reply that they would require more discovery to certify two of these classes (employees at all defendant's plants and all within the same product group) and restrict their request to a class involving employees who worked at defendant's now closed facility in Rockford, Illinois and a class involving employees at the Rockford plant who filed EEOC charges. Reply p. 7. They also suggest subclasses for each ethnic minority. Defendant opposes class certification.

A litigant seeking to maintain a class action must meet the Rule 23 (a) prerequisites of numerosity, commonality, typicality and adequacy of representation. See General Tel. Co. v. Falcon, 457 U.S. 147, 156 (1982). If these prerequisites are met, the potential class must also satisfy at least one provision of Rule 23 (b). See Rosario v. Livaditis, 963 F.2d 1013, 1017 (7th Cir. 1992), cert. denied 506 U.S. 1051 (1993). Rule 23 tries to minimize potential abuses of the class action device by insisting that the class be reasonably homogenous and "by insisting that the class representative be shown to be an adequate representative of the class." Culver v. City of Milwaukee, 277 F.3d 908, 910 (7th Cir. 2002) A "Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Falcon at 161. "Before deciding whether to allow a case to proceed as a class action, therefore, a judge should make whatever factual and legal inquiries are necessary under Rule 23." Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676 (7th Cir.), cert. denied, __ U.S. __, 122 S.Ct. 348 (2001). The court cannot simply accept the allegations of plaintiffs' complaint as true and must make a preliminary inquiry into the merits where necessary to determine whether the requirements of Rule 23 are met. See id. at 676-77. If the class representative's claim is weak, it is doubtful his representation will be adequate. See Robinson v. Sheriff of Cook County, 167 F.3d 1155, 1157 (7th Cir.), cert. denied, 528 U.S. 824 (1999). Each of the proposed class representatives, based on the evidence in the record at this point, has a weak or atypical case, rendering him an inadequate representative of the proposed classes or subclasses.

To establish a Title VII claim for hostile work environment, plaintiffs must show that the behavior is so objectively offensive as to alter the conditions of plaintiffs' employment. See Clark County School Dist. v. Breeden, 532 U.S. 268, 270 (2001) (per curiam) Whether an environment is actionably hostile is judged from all the circumstances "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 270-71 (internal quotations omitted) . Plaintiffs have submitted excerpts from their depositions in support of their motion. None of these contains any evidence the alleged discriminatory conduct ( the presence of racial graffiti and the failure to conduct an investigation) unreasonably interfered with the work performance of any of the named plaintiffs. Plaintiffs have mistakenly taken the position that the court is to accept all of the allegations of the complaint as true for purposes of class certification. However, Szabo requires resolution of "factual and legal disputes that strongly influence the wisdom of class treatment." Szabo at 675. In the absence of evidence the alleged conduct unreasonably interfered with the work performance of any of the named plaintiffs, none of them can be an adequate representative for a class of employees who, in order to have a cause of action, must necessarily have experienced such interference. Rodgers v. Western- Southern Life Ins. Co., 12 F.3d 668 (7th Cir. 1993), cited by plaintiffs, does not require a different result. In Rodgers, which was not a class action, there were direct racial epithets from a supervisor to the plaintiff and evidence of the profound psychological effect the supervisor's racist statements had on the plaintiff. Id. No such evidence has been presented here.

Plaintiffs are also inadequate representatives as to the disparate treatment claims. Plaintiffs do not present evidence of direct discrimination against the purported class or themselves based on race.[1] They will therefore need to establish their claim by the indirect method. To establish a prima facie case they will need to show 1) they belong to a protected class; 2) their performance met their employer's legitimate expectations; 3) they suffered adverse employment actions; and 4) similarly situated others not in the protected class received more favorable treatment. See Brummett v. Lee Enterprises, Inc., 284 F.3d 742, 744 (7th Cir. 2002). Plaintiffs each assert discrimination in job rotation, discipline, treatment of injuries, light duty assignments after injuries, and allowance to work overtime while on work restrictions. Again, the evidence supplied in support of their motion does not present facts to show any of them is representative of the purported class. The evidence they present does not indicate any of them could satisfy the last two prongs of the above test. Woodard's deposition excerpts do not treat any of the above discriminatory conduct except job rotation. He states his opinion minorities got the harder or least desirable jobs for a longer period of time but provides no supporting facts. (Woodard Dep. pp. 80, 95) Medina, likewise, only addresses job rotation and provides no facts only his opinion he was discriminated against. (Medina Dep. p. 123) Saengsouvanh also only addresses job rotation and only in a conclusory manner. ( Saengsouvanh Dep. pp. 96-97) Edwards addresses only job rotation and overtime while on work restrictions. (Edwards Dep. pp. 82, 93) Again, these allegations are conclusory. Edwards's deposition excerpts also reveal an incident where a line supervisor tells Edwards he is being sent home because he is black. (Id. p. 93) While this may be direct evidence of discrimination against Edwards concerning discipline, plaintiffs supply no other evidence of direct discrimination against any other purported class member. They have not met the burden of showing Edwards's claim in this regard is typical of the class. Defendant, in opposition to certification, has supplied more extensive excerpts from plaintiffs' depositions. These excerpts show Woodard was never disciplined, denied requested medical treatment or placed on restrictions (Woodard Dep. pp. 70, 155) and Edwards was allowed numerous trips to the clinic. (Edwards Dep. p. 188-201) Medina was never denied access to a doctor and was never on restrictions. (Medina Dep. pp. 77-79) Saengsouvanh was never disciplined. (Saengsouvanh Dep. p. 69). These facts further demonstrate inadequacy and atypicality.

It is important to note that the court is not determining that the plaintiffs could not eventually prove their individual Title VII claims nor that other individuals in the purported class do not have Title VII claims. The court is only deciding that based on the evidence before it at this time the named plaintiffs are inadequate representatives of the putative class. Because of this inadequacy, plaintiffs' motion for class certification is denied.

---

[1] With the exception of Edwards discussed below.