# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | P. Michael Mahoney | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50459 | **DATE** | 10/8/2002 |
| **CASE TITLE** | WOODARD, ET AL vs. TOWER AUTO PRODUCTS CO., INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Defendant's motion to dismiss, for partial summary judgment, and for summary judgment

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss count 43 is denied, the motion to dismiss count 30 is granted, the motion for partial summary judgment on counts 5, 13, 40 is granted, motion for summary judgment on count 41 is granted.

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | 1 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | OCT – 8 2002 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 10/8/2002 | |
| /LC | courtroom deputy's initials | 02 OCT –8 PM 1: 51 | | date mailed notice | SW |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, all former employees of Defendant Tower Automotive Products Company, Inc., have filed this multi-plaintiff action against Tower under Title VII (42 U.S.C. § 2000e et seq.) and 42 U.S.C. § 1981. Plaintiffs allege a hostile work environment, and that Tower treated minority employees differently in terms and conditions of employment than similarly situated white employees. Jurisdiction is proper pursuant to 28 U.S.C. 1331 and 1343. Venue is proper as the alleged unlawful conduct occurred within the boundaries of this district pursuant to 28 U.S.C. 1391(b). Before the court is Tower's Motion to Dismiss counts 30 and 43, and for partial summary judgment on counts 5, 13, 40, and for summary judgment on count 41.

When ruling on a motion to dismiss, the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint." Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir. 1999); Fed. R Civ. Proc. 12(b)(6). Additionally, summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Rizzo v. Sheahan, 266 F.3d 705, 711 (7th Cir. 2001).

Count 30 relates to Christopher Cain, and count 43 relates to Raul Rodriguez. Tower asserts both these counts should be dismissed as time-barred, as to the Title VII claims, since neither employee filed charges with the EEOC before the expiration of the 300-day limitation period. 42 U.S.C. 2000e-5(e). Since both Cain's and Rodriguez's EEOC charge is attached to the complaint, the court will consider those documents in deciding Tower's motion to dismiss. United States v. Wood, 925 F.2d 1580, 1581-82 (7th Cir. 1991) citing Goldman v. Belden, 754 F.2d 1059, 1065-66 (2d Cir. 1985) (pleading is deemed to include any document attached as an exhibit). Plaintiffs do not dispute that the EEOC "charge" was filed more than 300 days after Cain and Rodriguez stopped working for Tower. Plaintiff Rodriguez argues, however, that the filing of an intake questionnaire by plaintiff's attorney came within the 300-day limitation period and that this constituted a proper charge under the statute. See Steffen v. Meridian Live Ins., 859 F.2d 534, 542 (7th Cir.), cert. denied 491 U.S. 907 (1989). Alternatively, Plaintiffs argue that they may rely on the "single-filing" rule to be allowed to continue with their Title VII claims. See Zuckerstien v. Argonne, 663 F. Supp. 569 (N.D. Ill. 1987).

Plaintiffs' first amended complaint alleges that each named plaintiff has timely filed charges with the EEOC (Compl. ¶ 71(A)). However, the charges of discrimination attached to the complaint show that these "charges" were not timely filed by either Rodriguez or Cain. In the response to the motion to dismiss, however, Rodriguez raises the fact, for the first time, that his attorney filed an intake questionnaire with the EEOC within the 300-day period, and this satisfies the filing requirement. A plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved would entitle him to judgment. Early v. Bankers Life and Cas. Co., 959 F.2d 75 (7th Cir. 1992). Because Rodriguez has alleged, in response to the motion to dismiss, that his attorney timely filed an intake questionnaire which can serve as a "charge" in some instances the motion to dismiss count 43 must be denied. See Philbin v. General Electric Capitol Auto Lease, Inc., 929 F.2d 321, 322 (7th Cir. 1991). The affidavit of plaintiffs' attorney that was attached to the response, even if considered by the court, was inadequate as it included no indication on whose behalf the attorney filed an intake questionnaire. The issue of whether the parties treated the intake questionnaire as a "charge" involves factual questions not appropriately decided at this time. Steffen, at 544.

The response as it relates to Cain, however, contains no factual assertion that the attorney filed an intake questionnaire on his behalf, and that this constituted a proper charge with the EEOC. Cain has merely asserted legal conclusions: that a continuing violation theory or the single filing rule support his remaining in this lawsuit despite his untimely filing. Since there are no facts alleged in his response consistent with his allegation that he filed a timely charge with the EEOC, his claim must be dismissed.

Turning to the motion for summary judgment, plaintiffs have not complied with Local Rule 56.1(b). Corey Black (count 5), Tyrone Bell (count 13), and Stephan Martinez (count 41) did not respond to the motion. Jimmie Jones' (count 40) response admits all defendant's facts that are relevant to him. He did not submit a statement of additional facts. Since they are not controverted, the facts set forth in defendant's LR56.1(a) statement are deemed admitted. If the non-moving party fails to make a sufficient showing on an essential element of his case, the moving party is entitled to judgment as a matter of law because "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial." Traylor v. Brown, 295 F.3d 783 (7th Cir. 2002) citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The unrebutted evidence is that the charges by these plaintiffs were untimely.

The single-filing rule does not save plaintiffs' claim. The single-filing rule is "inapposite to time-barred claims [of former employees] because the filing of a discrimination charge by a current or recently terminated employee cannot provide an employer with timely notice of, or an opportunity to conciliate, the claims of long departed employees." EEOC v. Harvey L. Walner & Assoc., 1995 WL 470233, *4, No. 95-1355, (N.D. Ill 1995), aff. 91 F.3d 963 (7th Cir. 1996). Here, plaintiffs had long since departed from defendant's workforce, and cannot rely on a timely filed charge by a co-plaintiff. Additionally, because Stephan Martinez did not file his § 1981 claim within the applicable limitation period, that claim is also barred. Federal civil rights actions are governed by the personal injury statute of limitations in the state where the alleged injury occurred. Jones v. R.R. Donnelly & Sons Co., No. 01-3271, 2002 WL 31050947, *10, ___F.3d___ (7th Cir. 2002). In this case, the applicable limitations period is Illinois' two-year statute of limitations. Id.; 735 ILCS 5/13-202 (1993).

Based on the foregoing, Tower's motion to dismiss count 43 is denied. The motion to dismiss with respect to count 30 is granted. Tower's motion for partial summary judgment on counts 5, 13, 40 is granted. Tower's motion for summary judgment on count 41 is granted.