Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50459 | **DATE** | 10/14/2003 |
| **CASE TITLE** | Woodard vs. Tower Automotive Products | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for summary judgment as to Count 62 [# 48].

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion for summary judgment as to Count 62 of the first amended complaint [#48].

*Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | OCT 15 2003 | 53 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 10-15-03 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | DW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendant, Tower Automotive Products, filed a motion for summary judgment as to Count 62 of the amended complaint, contending that both the Title VII and the 42 U.S.C. § 1981 claims, which are brought by Dusan Bulotabic, are time-barred. In that regard, defendant asserts that the Title VII claim is time-barred because Bulotabic was terminated from his employment with defendant on May 28, 1997, and that his charge of discrimination with the EEOC, which was filed on August 24, 2000, was more than 300 days after the last possible date he could have been discriminated against. As for the section 1981 claim, defendant maintains it is barred by the two-year statute of limitations because the complaint in this case was not filed until December 29, 2000. Bulatobic has not filed a response to the motion for summary judgment.

In a referral state such as Illinois, a plaintiff must file a charge of discrimination within 300 days after the alleged unlawful employment action. Sharp v. United Airlines, Inc., 236 F. 3d 368 (7th Cir. 2001). In this case, the latest possible date of any unlawful employment action was May 28, 1997. Thus, plaintiff filed his EEOC charge well beyond the 300 days and, therefore, his Title VII claim is time-barred.

As for the section 1981 claim, defendant cites to Sanders v. Venture Stores, Inc., 56 F. 3d 771, 775 (7th Cir. 1995) for the proposition that a two-year statute of limitations applies to that claim. While this remains a valid rule in the Seventh Circuit, it has recently been discussed in Jones v. R.R. Donnelly & Sons Co., 305 F. 3d 717 (7th Cir. 2002). While the court in Jones rejected an argument that the four-year statute of limitations contained in 28 U.S.C. § 1658 applies to the amended version of section 1981 (see 42 U.S.C. § 1981(b)) and ruled that that the two-year personal injury limitations period under Illinois law continues to apply, the Supreme Court has granted certiorari on that very issue. See Jones v. R.R. Donnelly & Son Co., 123 S. Ct. 2074, 155 L. Ed. 2d 1059 (May 19, 2003). While Jones did not change the law in the Seventh Circuit as to the applicability of the two-year statute of limitations, it is somewhat curious that defendant did not cite to this court the Jones case and disclose certiorari was granted as the defendant in that case was represented by the same law firm that represents defendant here.

That being said, the court finds that the section 1981 claim in Count 62 was filed beyond the two-year time period and is, therefore, barred.

For the foregoing reasons, the court grants defendant's motion for summary judgment as to Count 62 of the amended complaint.