Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50459 | **DATE** | 9/28/2004 |
| **CASE TITLE** | Woodard, et al. vs. Tower Automotive Products Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. This order is not final and appealable and no judgment shall enter until all claims involving all parties have been adjudicated. See Fed.R.Civ.P. 54(b).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 9-29-04 date docketed | 342 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9-28-04 date mailed notice | |
| /SEC courtroom deputy's initials | | Date/time received in central Clerk's Office | DW mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Phil Blakely, along with 32 others, brings this action against defendant, Tower Automotive Products Company, Inc., his former employer, claiming disparate treatment and racially hostile work environment, in violation of 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). The discrimination charges were brought after defendant closed its Rockford, Illinois plant, where plaintiff worked. The analysis for both Title VII and Section 1981 claims is the same. See Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999), cert. denied, 530 U.S. 1204 (2000). Count 25 of the complaint pertains to plaintiff. Defendant moves for summary judgment against plaintiff. Motions for summary judgment are pending against the other 32 plaintiffs as well. When class certification was denied, there appeared to be factual differences precluding class certification. However, a reading of the facts on the first few summary judgment motions shows a similarity in most of the facts with only minor differences. Nevertheless, the court will decide each motion separately. Plaintiff admits in his response to the summary judgment motion that he cannot prove a disparate treatment claim. He proceeds only on the hostile work environment claim. His claim in this regard, like those of the other 32 plaintiffs, involves racially offensive graffiti for the most part directed at a general audience.

To establish a claim for a racially hostile work environment, plaintiff must show 1) he was subject to unwelcome harassment; 2) the harassment was based on his race; 3) the harassment was severe or pervasive so as to alter the conditions of the employees work environment by creating a hostile or abusive situation; and 4) there is a basis for employer liability. Williams v. Waste Management of Illinois, Inc., 361 F.3d 1021, 1029 (7th Cir. 2004). Where plaintiff claims co-workers are responsible for creating the hostile work environment, he must show the employer was negligent either in discovering or remedying the harassment. Id. The employer can avoid liability if it takes prompt and appropriate corrective action. Id. To be actionable, plaintiff must show his work environment was both objectively and subjectively hostile. Cerros v. Steel Technologies, Inc., 288 F.3d 1040, 1045 (7th Cir. 2002). Whether the work environment is actionably hostile is judged from the totality of the circumstances including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance and whether it unreasonably interferes with an employee's work performance. Clark County School Dist. v. Breeden, 532 U.S. 268, 270 (2001).

Plaintiff's claim is based on the presence of racially offensive graffiti in the workplace and the focus of the analysis is whether this was so severe or pervasive as to alter the conditions of plaintiff's employment by creating a hostile or abusive situation. The graffiti was mostly found in the bathroom. The graffiti was not directed at plaintiff but was of a general nature. LR 56.1 (a) ¶ 93. Various examples of bathroom graffiti were "go home nigger," "nigger don't belong here," and "Ku Klux Klan," and he also saw "nigger" written on a tool bin. Id. ¶ 85. He testified a white person passed around a picture of a black person hanging, but he does not recall when this happened, he never complained about it, and does not know if the person distributing it was punished. Id. ¶ 96. Another employee, Horace Coleman, complained someone had written the word "nigger" on his shirt. Id. ¶ 73. Defendant investigated this incident but could not determine who wrote the word. Id. ¶ 74. A recycle container had the graffiti "Mexi-cans Only" written on it. Id. ¶ 88. Plaintiff claims the graffiti was an ongoing problem both before and after defendant purchased the plant from A.O.Smith. However, it is unclear what specific graffiti was found at what time and under whose ownership. For purposes of this motion, the court will assume the graffiti was present during Tower's ownership. Graffiti in the restroom was painted over more than 20 times prior to Tower's purchase of the plant. Id. ¶ 71. Supervisors were given cans of black spray paint and instructed to immediately paint over any graffiti. Id. ¶ 78. Defendant painted the bathroom stalls black to make it more difficult to write graffiti. Id. ¶ 79; LR 56.1 (b) Resp. ¶ 79.

Although disturbing and offensive, these instances are not severe or pervasive enough to be actionable. While plaintiff cites cases where graffiti was part of the conduct that was found actionable, those cases also had evidence of direct verbal racial epithets delivered by supervisory personnel. See Cerros v. Steel Technologies, Inc., 288 F.3d 1040 (7th Cir. 2002); Rogers v. Western Southern Life Ins., 12 F.3d 668 (7th Cir. 1993). The graffiti here, which was directed at a general audience rather than at plaintiff, when viewed in the totality of the circumstances was not severe or physically threatening to plaintiff, and is more akin to a mere offensive utterance. Clark County School Dist., 532 U.S. at 270. The court has previously found restroom graffiti alone, though graphic and offensive, not to be sufficiently severe or pervasive to alter plaintiff's conditions of employment. Arreola v. York Int'l Corp., No. 00 C 50133, 2001 WL 1519424, *2 (N.D. Ill. Nov. 28, 2001) (Reinhard, J.). While some of the graffiti here was found outside the restroom, it is still insufficient to establish a prima facie case. There is no evidence the graffiti interfered with plaintiff's work performance. The work environment was not objectively or subjectively hostile. Plaintiff has not established a hostile work environment claim.

For the foregoing reasons, defendant's motion for summary judgment is granted. This order is not final and appealable and no judgment shall enter until all claims involving all parties have been adjudicated. See Fed. R. Civ. P. 54 (b).