# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50459 | **DATE** | 9/28/2004 |
| **CASE TITLE** | Woodard vs. Tower Automotive Products Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted. This order is not final and appealable and no judgment shall enter until all claims involving all parties have been adjudicated. See Fed.R.Civ.P. 54(b).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | 9-29-04 date docketed | |
| | Notified counsel by telephone. | | 344 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 9-28-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Perry Dupra Brown, along with 32 others, brought this action against defendant, Tower Automotive Products Company, Inc., his former employer, claiming disparate treatment and racially hostile work environment, in violation of 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). The discrimination charges were brought after defendant closed its Rockford, Illinois plant, where plaintiff worked. The analysis for both Title VII and Section 1981 claims is the same. See Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999), cert. denied, 530 U.S. 1204 (2000). Count 31 of the complaint pertains to plaintiff. Defendant moves for summary judgment against plaintiff. Motions for summary judgment are pending against the other 32 plaintiffs as well. When class certification was denied, there appeared to be factual differences precluding class certification. However, a reading of the facts on the first few summary judgment motions shows a similarity in most of the facts with only minor differences. Nevertheless, the court will decide each motion separately. Plaintiff admits in his response to the summary judgment motion that he cannot prove a disparate treatment claim. He proceeds only on the hostile work environment claim. His claim in this regard, like those of the other 32 plaintiffs, involves racially offensive graffiti for the most part directed at a general audience.

To establish a claim for a racially hostile work environment, plaintiff must show 1) he was subject to unwelcome harassment; 2) the harassment was based on his race; 3) the harassment was severe or pervasive so as to alter the conditions of the employees work environment by creating a hostile or abusive situation; and 4) there is a basis for employer liability. Williams v. Waste Management of Illinois, Inc., 361 F.3d 1021, 1029 (7th Cir. 2004). Where plaintiff claims co-workers are responsible for creating the hostile work environment, he must show the employer was negligent either in discovering or remedying the harassment. Id. The employer can avoid liability if it takes prompt and appropriate corrective action. Id. To be actionable, plaintiff must show his work environment was both objectively and subjectively hostile. Cerros v. Steel Technologies, Inc., 288 F.3d 1040, 1045 (7th Cir. 2002). Whether the work environment is actionably hostile is judged from the totality of the circumstances including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance and whether it unreasonably interferes with an employee's work performance. Clark County School Dist. v. Breeden, 532 U.S. 268, 270 (2001).

Plaintiff's hostile work environment claim is based on the presence of racially offensive graffiti in the workplace and the focus of the analysis is whether this was so severe or pervasive as to alter the conditions of plaintiff's employment by creating a hostile or abusive situation. He saw "stuff with nigger in it and - basically a lot of that stuff." LR 56.1 (a) ¶ 103. He saw graffiti stating, "niggers go back to Africa," "[a] good nigger is a dead nigger," "[b]lacks are nothing but porch monkeys," and "Ku Klux Klan." Pl. Dep. Pp. 101-02. He only saw graffiti in the bathrooms. LR 56.1 (a) ¶ 106.

Although disturbing and offensive, these instances are not severe or pervasive enough to be actionable. The graffiti here, which was directed at a general audience rather than at plaintiff, when viewed in the totality of the circumstances was not severe or physically threatening to plaintiff, and is more akin to a mere offensive utterance. Clark County School Dist., 532 U.S. at 270. His citation of EEOC v. Pipefitters Ass'n ocal Union 597, 334 F.3d 656 (7th Cir. 2003) is inapposite. EEOC did not hold language similar to the graffiti here actionable. The issue in that case was whether a union could be held liable for failing to effectuate change in the workplace. Whether graffiti was severe or pervasive enough to be actionable was not an issue before the court. Plaintiff has not established a hostile work environment claim.

For the foregoing reasons, defendant's motion for summary judgment is granted. This order is not final and appealable and no judgment shall enter until all claims involving all parties have been adjudicated. See Fed. R. Civ. P. 54 (b).